FILED
DECEMBER 5, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HANAN MUHAMMAD, as Administrator of The Estate of KIMANI MUHAMMAD and KIMANI MUHAMMAD, deceased,<br><br>    Plaintiff,<br><br>    vs.<br><br>COOK COUNTY SHERIFF THOMAS DART in his official capacity, ANDRE PATTERSON, ANTHONY SEVENING, KYLE ALLEN, JOSEPH GUNITA, RICHARD BROGAN, JAIME HERNANDEZ, I. THOMAS, J. McGOUGH, SGT. DIAZ, EDWARD KERN, DAMEON FIELDS, SUPERINTENDANT T. SNOOKS, SGT. CRAWFORD, SGT. HILL, SGT. SHEPPARD, SGT. ROSS, LIEUTENANT THOMAS, CHIEF SALAZAR, CHIEF KAUFMANN, SGT. GARCIA, SGT. NALEPA, SGT. DARRING, OFC. THOMPSON, OFC. RUIZ, SGT. HALLIHAN, SGT. FOYS, OFC. KELLY, OFC. CAPUTO, SGT. STUMPF, SGT. BRANDON, LIEUTENANT BALATA, SGT. ZURILLA, SGT. ACATTA, OFC. HARKENRIDER, SGT. JOHNSEN, LIEUTENANT HAYNES, SGT. MAHON, OFC. LOMBARDI, CAPTAIN E. SLAUGHTER, LIEUTENANT GROCHOWSKI, SGT. SMITH, OFC. RODRIGUEZ, CHIEF DRAHOS, OFC. MITCHELL, OFC. SMITH, SUPERINTENDANT SALAZAR, LIEUTENANT MARTINEZ, OFC. MACMORE, OFC. AVERY, LIEUTENANT ZIMMY, SGT. YOUNG, OFC. STRAUSS, CAPT. HICKEY, CAPTAIN MCGUIRE, LIEUTENANT TROVILLION, and COOK COUNTY SHERIFF'S OFFICE and COOK COUNTY.    Defendants. | No. 8 C 2323<br><br>JUDGE ZAGEL<br><br>MAGISTRATE JUDGE BROWN |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

NOW COMES the Plaintiff, HANAN MUHAMMAD, as Administrator of the Estate of KIMANI MUHAMMAD, and KIMANI MUHAMMAD, by and through her attorney, Blake Horwitz, of Horwitz, Richardson & Baker, and for her Third Amended Complaint against the Defendants, COOK COUNTY SHERIFF THOMAS DART in his official capacity, ANDRE PATTERSON, ANTHONY SEVENING, KYLE ALLEN, JOSEPH GUNITA, RICHARD BROGAN, JAIME HERNANDEZ, I. THOMAS, J. MCGOUGH, SGT. DIAZ, EDWARD KERN, DAMEON FIELDS, SUPERINTENDANT T. SNOOKS, SGT. CRAWFORD, SGT. HILL; SGT. SHEPPARD, SGT. ROSS, LIEUTENANT THOMAS, CHIEF SALAZAR, CHIEF KAUFMANN, SGT. GARCIA, SGT. NALEPA, SGT. DARRING, OFC. THOMPSON, OFC. RUIZ, SGT. HALLIHAN, SGT. FOYS, OFC. KELLY, OFC. CAPUTO, SGT. STUMPF, SGT. BRANDON, LIEUTENANT BALATA, SGT. ZURILLA, SGT. ACATTA, OFC. HARKENRIDER, SGT. JOHNSEN, LIEUTENANT HAYNES, SGT. MAHON, OFC. LOMBARDI, CAPTAIN E. SLAUGHTER, LIEUTENANT GROCHOWSKI, SGT. SMITH, OFC. RODRIGUEZ, CHIEF DRAHOS, OFC. MITCHELL, OFC. SMITH, SUPERINTENDANT SALAZAR, LIEUTENANT MARTINEZ, OFC. MACMORE, OFC. AVERY, LIEUTENANT ZIMMY, SGT. YOUNG, OFC. STRAUSS, CAPT. HICKEY, CAPTAIN MCGUIRE, LIEUTENANT TROVILLION, and Cook County Sheriff's Office and Cook County, states as follows:

## JURISDICTION

1.     The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the

United States and this Court's supplementary jurisdiction powers. Furthermore, on April 24, 2008, this matter was removed by Defendant Dart from the Law Division of the Circuit Court of Cook County, Illinois to this Court.

**PARTIES TO THIS ACTION**

2.     The Plaintiff, HANAN MUHAMMAD, is a resident of the County of Cook, the mother the Decedent. Plaintiff, HANAN MUHAMMAD has been appointed the Administratrix of the estate of KIMANI MUHAMMAD ("decedent"), solely for the purpose of prosecuting this cause of action.

3.     THOMAS DART is the Cook County Sheriff, and runs the Cook County Jail and the Cook County Department of Corrections and is the employer of the Defendant Officers sued herein. COOK COUNTY is a duly incorporated governmental entity in Illinois, and is liable for any judgments related to its agents and employees arising in the course of their employment, pursuant to 745 ILCS 10/2-302.

4.     ANDRE PATTERSON is a resident of the County of Cook, City of Chicago, Illinois;

5.     ANTHONY SEVENING, KYLE ALLEN, JOSEPH GIUNTA, RICHARD BROGAN, JAIME HERNANDEZ, I. THOMAS, J. MCGOUGH, SGT. DIAZ, EDWARD KERN, DAMEON FIELDS, SUPERINTENDANT T. SNOOKS, SGT. CRAWFORD, SGT. HILL; SGT. SHEPPARD, SGT. ROSS, LIEUTENANT THOMAS, CHIEF SALAZAR, CHIEF KAUFMANN, SGT. GARCIA, SGT. NALEPA, SGT. DARRING, OFC. THOMPSON, OFC. RUIZ, SGT. HALLIHAN, SGT. FOYS, OFC. KELLY, OFC. CAPUTO, SGT. STUMPF, SGT. BRANDON, LIEUTENANT BALATA, SGT. ZURILLA, SGT. ACATTA, OFC. HARKENRIDER, SGT. JOHNSEN, LIEUTENANT HAYNES, SGT. MAHON, OFC. LOMBARDI, CAPTAIN E. SLAUGHTER, LIEUTENANT GROCHOWSKI, SGT. SMITH, OFC. RODRIGUEZ, CHIEF DRAHOS, OFC. MITCHELL, OFC. SMITH, SUPERINTENDANT SALAZAR, LIEUTENANT MARTINEZ, OFC. MACMORE, OFC. AVERY, LIEUTENANT

ZIMMY, SGT. YOUNG, OFC. STRAUSS, CAPT. HICKEY, CAPTAIN MCGUIRE, AND LIEUTENANT TROVILLION, (hereinafter "DEFENDANT OFFICERS") supervised, watched over, managed and otherwise had control of the decedent, Kimani Muhammad, and his cell mate, ANDRE PATTERSON.

6. The COOK COUNTY SHERIFF'S DEPARTMENT is a duly incorporated municipal corporation and is the employer and principal of DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Third Amended Complaint (as indicated in the *Monell* claim alleged herein).

7. KIMANI MUHAMMAD was a citizen of the state of Illinois and maintains a cause of action through the Illinois Survival Statute.

## FACTUAL ALLEGATIONS

8. Plaintiff, HANAN MUHAMMAD, brings this cause of action pursuant to the Illinois Wrongful Death Act, as well as the federal common law.

9. On December 5, 2006, the Decedent was an inmate at the Cook County Correctional facility located at 26th Street and California Avenue in the City of Chicago, State of Illinois.

10. On December 5, 2006, ANDRE PATTERSON was an inmate at the Cook County Correctional facility located at 26th Street and California Avenue in the City of Chicago, State of Illinois;

11. At all times relevant to this Third Amended Complaint, Cook County Department of Corrections ("CCDOC") at the aforementioned location is under the control and operated by Cook County Sheriff Thomas Dart and the Cook County Sheriff's Office.

12. On said date, THOMAS DART and DEFENDANT OFFICERS were at all times relevant to this complaint duly appointed and sworn officers of the COOK COUNTY and CCDOC. THOMAS DART and said officers were acting under color of state law, ordinance and/or regulation, statutes, customs and usages of the COOK COUNTY SHERIFF and state of Illinois.

13.     At all times relevant to this Third Amended Complaint, THOMAS DART, officially and by and through his agents and servants, engaged in the conduct complained of in the course and scope of his employment and while on duty.

14.     THOMAS DART is sued in his official capacity.

15.     DEFENDANT OFFICERS engaged in the conduct complained of in the course and scope of their employment and while they were on duty. They are sued in their individual capacities.

16.     On December 5, 2006, DEFENDANT OFFICERS were working at CCDOC.

17.     KIMANI MUHAMMAD was a resident in said facility.

18.     KIMANI MUHAMMAD was placed in a cell at said facility.

19.     KIMANI MUHAMMAD was placed in a cell at said facility with a dangerous cell mate.

20.     DEFENDANT OFFICERS knew or should have known that KIMANI MUHAMMAD was placed in a cell with a dangerous cell mate, ANDRE PATTERSON.

21.     DEFEDNANT OFFICERS knew or should have known that KIMANI MUHAMMAD was placed in a cell with a cell mate that had propensity for violence and a severe psychological malady.

22.     DEFENDANT OFFICERS knew or should have known that ANDRE PATTERSON violently attacked KIMANI MUHAMMAD for an extended period of time while at CCDOC.

23.     Based on the violent nature and psychological infirmity of ANDRE PATTERSON, KIMANI MUHAMMAD was killed, due to the fact that ANDRE PATTERSON murdered KIMANI MUHAMMAD.  As partial evidence of the psychological infirmity and dangerous propensity of ANDRE PATTERSON, KIMANI MUHAMMAD'S ear was removed by his cell mate.

24.     THOMAS DART and DEFENDANT OFFICERS owed a duty to KIMANI MUHAMMAD to refrain from conduct amounting to a deliberate indifference, reckless

disregard and/or unreasonable conduct relative to the life of KIMANI MUHAMMAD. THOMAS DART and DEFENDANT OFFICERS violated said conduct by failing to take action to prevent the death of KIMANI MUHAMMAD, namely, not placing him in a cell with a highly dangerous inmate and/or failing to monitor said inmate, ANDRE PATTERSON, after placing him in said cell.

25.     This failure to act and intervene by all defendants amounted to a deliberate indifference, reckless disregard and/or unreasonable conduct as to the rights of KIMANI MUHAMMAD, namely, his right to have his person protected and his right to life.

26.     As a result of the KIMANI MUHAMMAD's death, the Plaintiff and the heirs of the Decedent's estate have incurred medical bills, funeral expenses, and emotional claims.  Moreover, as a result of the Decedent's death, the Plaintiff and the heirs of the Decedent's estate have been deprived of the companionship of the Decedent and of the enjoyment of the Decedent's company and the loss of society associated with the Decedent's death.  As a proximate result of one or more of the above alleged acts or omissions, the Decedent sustained severe injuries and died.

## COUNT I
### (14th Amendment Claim Against Defendant Officers)

27.     PLAINTIFF restates, re-allege Paragraphs one (1) through twenty-six (26) as though fully set forth in Paragraph twenty-seven (27) of Count I of this Complaint.

28.     This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

29.     DEFENDANT OFFICERS created a substantial risk of serious harm to KIMANI MUHAMMAD by placing Decedent in a cell with ANDRE PATTERSON, a known violent, mentally unstable, and dangerous person.

30.     DEFENDANT OFFICERS were aware of the risk posed by placing Decedent in the same cell as ANDRE PATTERSON.  Further, regardless of the knowledge of the violent, mentally unstable and dangerous propensity of ANDRE PATTERSON,

DEFENDANT OFFICERS failed to act to prevent the injury and ultimate death of KIMANI MUHAMMAD.

31.     DEFENDANT OFFICERS were aware or should have been aware that ANDRE PATTERSON was violently attacking KIMANI MUHAMMAD and failed to intervene and timely stop the violent attack exacted by ANDRE PATTERSON.

32.     DEFENDANT OFFICERS acted or failed to act to prevent the violent attack by ANDRE PATTERSON upon KIMANI MUHAMMAD.

33.     The actions and inactions of DEFENDANT OFFICERS amounted to a reckless disregard for the known rights of KIMANI MUHAMMAD and therefore violated KIMANI MUHAMMAD'S rights under the 14th Amendment of the United States Constitution.

34.     The aforementioned actions and inactions of said Defendants were the direct and proximate cause of the injuries, pain, suffering, death, and constitutional violations as set forth above.

WHEREFORE, it is respectfully requested that judgment be entered in favor of Plaintiff and the Estate of the Decedent against DEFENDANT OFFICERS, for compensatory damages, attorneys' fees, punitive damages plus the costs of this action and any other relief this Court deems equitable and just.

### COUNT II
### 4th Amendment Claim Against Defendant Officers

35.     The Plaintiff restates, re-alleges and reasserts paragraphs one (1) through twenty-six (26) as though fully set forth in Paragraph thirty-five (35) of Count II of this Complaint.

36.     This Count II is brought pursuant to 42 U.S.C. § 1983 and the Constitution.

37.     DEFENDANT OFFICERS acts and omissions deprived Decedent of his rights, privileges, and immunities secured to him by the 4th Amendment of the United States Constitution.

38.     DEFENDANT OFFICERS actions and inactions as set forth above constituted an unlawful seizure of Decedent on the aforementioned date.

39.     DEFENDANT OFFICERS failure to supervise and monitor both ANDRE PATTERSON and KIMANI MUHAMMAD during their detention at CCDOC constituted an unreasonable seizure in violation of the 4th Amendment of the Constitution.

40.     DEFENDANT OFFICERS' failure to act, intervene, prevent, and stop the violent attack of KIMANI MUHAMMAD by ANDRE PATTERSON in the CCDOC proximately caused Decedent to suffer great pain, injury and death.

41.     As further proximate cause, DEFENDANT OFFICERS proximately caused Decedent's heirs to lose his companionship, society, love, affection and suffer pecuniary loss.

    WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff and the Estate of the Decedent by and through its Administratrix against DEFENDANT OFFICERS for compensatory damages, punitive damages plus the costs of this action and any other relief this Court deems equitable and just.

### COUNT III
### Monell Claim Against Thomas Dart and the Cook County Sheriff's Office

42.     The Plaintiff restates, re-alleges and reasserts paragraphs one (1) through twenty-six (26) as though fully set forth in Paragraph forty-two (42) of Count III of this Complaint.

43.     This Count is brought pursuant to the 42 U.S.C. § 1983 and the Constitution of the United States.

44.     It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the DEFENDANTS COOK COUNTY SHERIFF'S OFFICE and/or THOMAS DART to act with deliberate indifference in

connection with the following acts and/or omissions that occur at the correctional facility(ies) of the Defendant:

    a.    Supervisory individuals fail to properly discipline correctional officers, agents and employees that have failed to protect individuals in their custody;

    b.    Supervisory individuals fail to properly investigate complaints which concern the failure of correctional officers, agents and employees to protect and safeguard inmates at the correctional facility;

    c.    Supervisory individuals have failed to take proper remedial action against correctional officers, agents and employees once it is determined that he/she has failed to protect individuals in their custody;

    d.    Correctional officers fail to protect individuals in their custody.

    e.    Supervisory officials/individuals inadequately train and/or fail to properly train correctional officers and CCDOC agents and employees to recognized and prevent inmate on inmate harm.

    f.    Supervisory officials/individuals allow CCDOC to be severely understaffed by correctional officers at the Cook County Jail in violation of accepted practices and court orders, despite knowing that such understaffing greatly increases the chances of inmate on inmate violence and aggression.

    g.    Supervisory officials/individuals fail to correct understaffing of correctional officers at the Cook County Jail in violation of accepted practices and court orders, despite knowing that such understaffing greatly increases the chances of inmate on inmate violence and aggression.

    h.    Supervisory officials/individuals fail to have an adequate assessment of an incoming inmate and/or transferred inmate's mental health status and/or violent and/or aggressive background prior to placing such an inmate in contact with other inmates at the Cook County Jail.

    i.    Supervisory officials/individuals foster an atmosphere where the inmate's safety and well being is ignored and Constitutional violations are not prosecuted, punished and/or remedied.

    j.    Supervisory officials/individuals failed to adequately monitor inmates and/or generate false log and time sheets with respect to monitoring so as to properly insure that inmate on inmate violence does not occur.

45. The DEFENDANTS COOK COUNTY SHERIFF'S OFFICE and/or THOMAS DART has policies, customs or practices that amount to a deliberate indifference to the Decedent's Fourth and Fourteenth Amendment Due Process Rights, in that:

    a.    Said defendants do not have and/or have failed to promulgate a policy, custom or practice to prevent putting dangerous inmates in cells with other individuals.

    b.    Said defendants do not have and/or have failed to promulgate a policy, custom or practice to prevent inmate-on-inmate harm.

    c.    Said defendants do not have and/or have failed to promulgate a policy, custom or practice to monitor inmates in order to prevent or stop violence between inmates.

    d.    Said defendants do not have and/or have failed to promulgate a policy, custom or practice that alerts employees to violence between inmates in its custody.

46. As a result of the misconduct undertaken by said defendants the Decedent was caused to die as the custom, practice and policy permits and/or makes conducive to the correctional officers to permit the type of conduct that occurred in the instant cause.

    WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff and the Estate of the Decedent, by and through its Administratrix, and against the DEFENDANTS COOK COUNTY SHERIFF'S OFFICE and THOMAS DART, for compensatory damages, attorneys fees, punitive damages plus the costs of this action and any other relief this Court deems equitable and just.

**COUNT IV**
**Wrongful Death and Survival Count – Defendant Officers**

47.     PLAINTIFF restates, re-allege Paragraphs one (1) through twenty-six (26) as though fully set forth in Paragraph forty-seven (47) of Count IV of this Complaint.

48.     This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

49.     DEFENDANT OFFICERS created a substantial risk of serious harm to KIMANI MUHAMMAD by placing Decedent in a cell with ANDRE PATTERSON, a known violent, mentally unstable, and dangerous person.

50.     DEFENDANT OFFICERS were aware of the risk posed by placing Decedent in the same cell as ANDRE PATTERSON.  Further, regardless of the knowledge of the violent, mentally unstable and dangerous propensity of ANDRE PATTERSON, DEFENDANT OFFICERS failed to act to prevent the injury and ultimate death of KIMANI MUHAMMAD.

51.     DEFENDANT OFFICERS were aware or should have been aware that ANDRE PATTERSON was violently attacking KIMANI MUHAMMAD and failed to intervene and timely stop the violent attack exacted by ANDRE PATTERSON.

52.     DEFENDANT OFFICERS acted or failed to act to prevent the violent attack by ANDRE PATTERSON upon KIMANI MUHAMMAD.

53.     The actions and inactions of DEFENDANT OFFICERS amounted to a reckless disregard for the known rights of KIMANI MUHAMMAD and therefore violated KIMANI MUHAMMAD'S rights under the 14th Amendment of the United States Constitution.

54.     DEFENDANT OFFICERS' acts and omissions deprived Decedent of his rights, privileges, and immunities secured to him by the 4th Amendment of the United States Constitution.

55.     DEFENDANT OFFICERS' actions and inactions as set forth above constituted an unlawful seizure of Decedent on the aforementioned date.

56.     DEFENDANT OFFICERS' failure to supervise and monitor both ANDRE PATTERSON and KIMANI MUHAMMAD during their detention at CCDOC constituted an unreasonable seizure in violation of the 4th Amendment of the Constitution.

57.     DEFENDANT OFFICERS' failure to act, intervene, prevent, and stop the violent attack of KIMANI MUHAMMAD by ANDRE PATTERSON in the CCDOC proximately caused Decedent to suffer great pain, injury and death.

58.     As further proximate cause, DEFENDANT OFFICERS proximately caused Decedent's heirs to lose his companionship, society, love, affection and suffer pecuniary loss.

59.     That prior to his death, KIMANI MUHAMMAD suffered conscious pain and suffering;

60.     Plaintiff, HANNAN MUHAMMAD, as Special Administrator of the Estate of KIMANI MUHAMMAD, brings this survival action pursuant to 755 ILCS 5/27-6;

61.     This action is brought within two years of the date of Decedent, KIMANI MUHAMMAD's, death, and that HANNAN MUHAMMAD has been named the Special Administrator of the Estate of KIMANI MUHAMMAD, deceased as evidence of her right to sue;

WHEREFORE, it is respectfully requested that judgment be entered in favor of Plaintiff and the Estate of the Decedent, against DEFENDANT OFFICERS for compensatory damages, attorneys' fees and punitive damages plus the costs of this action and any other relief this Court deems equitable and just.

## COUNT V
### Indemnification 745 ILCS 10/9-102 Claim against Thomas Dart and the Cook County Sheriff's Office

62.     The Plaintiff re-alleges Paragraphs one (1) through twenty-six (26) as though fully set forth in Paragraph sixty-two (62) of Count V of this Complaint.

63. DEFENDANT OFFICERS were aware of the dangerousness of the cell mate housed with the decedent.

64. THOMAS DART and DEFENDANT OFFICERS acted or omitted to act by placing KIMANI MUHAMMAD in a cell with a dangerous and violent individual, ANDRE PATTERSON, and/or by failing to intervene in murder of the Decedent.

65. The Decedent was in the direct and immediate custody and control of DEFENDANT OFFICERS at the time the decedent was murdered.

66. The aforementioned actions of said officers were the direct and proximate cause of the injuries and/or violations set forth above.

WHEREFORE, should THOMAS DART and DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiff Administratrix demands that, pursuant to 745 ILCS 10/9-102, the DEFENDANTS COOK COUNTY SHERIFF'S OFFICE and THOMAS DART pay any judgment obtained against THOMAS DART, officially and by and through DEFENDANT OFFICERS, and DEFENDANT OFFICERS as a result of this Complaint.

## COUNT VI
## Wrongful Death and Survival Count – Andre Patterson

67. PLAINTIFF re-alleges Paragraphs one (1) through twenty-six (26) as though fully set forth in Paragraph sixty-seven of Count VI of this Complaint.

68. On December 5, 2006, ANDRE PATTERSON violently attacked KIMANI MUHAMMAD for an extended period of time while both individuals occupied the same cell at CCDOC.

69. On December 5, 2006m ANDRE PATTERSON was an individual of violent nature and psychological infirmity.

70. On said date and time, KIMANI MUHAMMAD was killed, due to the fact that ANDRE PATTERSON murdered KIMANI MUHAMMAD while they occupied the same jail cell.

71.    KIMANI MUHAMMAD'S ear was removed by ANDRE PATTERSON during the aforementioned violent attack and stands as partial evidence of the psychological infirmity and dangerous propensity of ANDRE PATTERSON.

72.    ANDRE PATTERSON'S violent attack of KIMANI MUHAMMAD was a proximate cause of Decedent, KIMANI MUHAMMAD'S injuries and further caused KIMANI MUHAMMAD to suffer great pain, injury and ultimately death.

73.    As further proximate cause, ANDRE PATTERSON was a proximate cause of Decedent's heirs loss of KIMANI MUHAMMAD'S companionship, society, love, affection and pecuniary loss.

74.    That prior to his death, KIMANI MUHAMMAD suffered conscious pain and suffering;

75.    Plaintiff, HANNAN MUHAMMAD, as Special Administrator of the Estate of KIMANI MUHAMMAD, brings this survival action pursuant to 755 ILCS 5/27-6;

76.    This action is brought within two years of the date of Decedent, KIMANI MUHAMMAD's, death, and that HANNAN MUHAMMAD has been named the Special Administrator of the Estate of KIMANI MUHAMMAD, deceased as evidence of her right to sue;

WHEREFORE, it is respectfully requested that judgment be entered in favor of Plaintiff and the Estate of the Decedent against ANDRE PATTERSON, for compensatory damages, attorneys' fees and punitive damages plus the costs of this action and any other relief this Court deems equitable and just.

## COUNT VII
### § 1983 Liability Of Defendant Thomas Dart

77.    PLAINTIFF re-alleges Paragraphs one (1) through twenty-six (26) as though fully set forth in Paragraph 77 of Count VII of this Complaint.

78. Defendant, THOMAS DART, caused and participated in the depravation of the constitutional rights of the Plaintiff's decedent, KIMANI MUHAMMAD.

79. Defendant, THOMAS DART, at all times material to this Complaint, was aware that Cook County and the Cook County Sheriff's Office maintained a widespread and settled policy, practice and custom of (1) failing to protect individuals in their custody; (2) failing to adequately and properly train correctional officers and CCDOC agents and employees to recognize and prevent inmate on inmate violence and aggression; allowing the Cook County Jail to be severely understaffed by correctional officers knowing that understaffing greatly increases the chances of inmate on inmate violence and aggression; (4) failing to correct the aforementioned understaffing; (5) failing to adequately screen and assess an incoming inmate and/or transferred inmate's mental health status and/or violent and/or aggressive background prior to placing such an inmate in contact with other inmates at the Cook County Jail knowing that this greatly increases the chances of inmate on inmate violence and aggression.

80. Defendant, THOMAS DART, oversaw, endorsed, condoned and acquiesced in the above mentioned policies, practices and customs and refused to take steps to correct them.

81. Defendant, THOMAS DART, at all times material to this Complaint, caused and facilitated the systematic denial of PLAINTIFF's decedent, KIMANI MUHAMMAD's constitutional rights, by among other things:

    a. failing to protect individuals in the custody of COOK COUNTY, CCDOC and the COOK COUNTY SHERIFF'S OFFICE.

    b. inadequately training and/or failing to properly train correctional officers and CCDOC agents and employees to recognized and prevent inmate on inmate harm.

    c.    allowing CCDOC to be severely understaffed by correctional officers at the Cook County Jail in violation of accepted practices and court orders, despite knowing that such understaffing greatly increases the chances of inmate on inmate violence and aggression.

    d.    failing to correct understaffing of correctional officers at the Cook County Jail in violation of accepted practices and court orders, despite knowing that such understaffing greatly increases the chances of inmate on inmate violence and aggression.

    e.    failing to have an adequate assessment of an incoming inmate and/or transferred inmate's mental health status and/or violent and/or aggressive background prior to placing such an inmate in contact with other inmates at the Cook County Jail.

    f.    fostering an atmosphere where the inmate's safety and well being is ignored and Constitutional violations are not prosecuted, punished and/or remedied.

    g.    failed to adequately monitor inmates and/or generate false log and time sheets with respect to monitoring so as to properly insure that inmate on inmate violence does not occur.

82. Defendant, THOMAS DART, knew tacitly albeit deliberately condoned the above mentioned lawlessness and misconduct of the DEFENDANT OFFICERS.

83. These DEFENDANT OFFICERS were at all times material to this Complaint, deliberately indifferent to the rights and safety of PLAINTIFF'S decedent, KIMANI MUHAMMAD, as evidenced by their acquiescence to and support of these policies and their obvious consequences.

    WHEREFORE, PLAINTIFF demands compensatory damages from Defendant, THOMAS DART, and also demand costs and attorney's fees against Defendants. Plaintiff also demands any other relief this Court deems equitable and just.

## COUNT VIII
## Wrongful Death and Survival Federal Claim - against Cook County Sheriff and Thomas Dart

84. The Plaintiff re-alleges Paragraphs one (1) through twenty-six (26) as though fully set forth in Paragraph 84 of Count VIII of this Complaint.

85. This Count is brought pursuant 42 U.S.C. § 1983 and the Constitution of the United States.

86. That prior to his death, KIMANI MUHAMMAD suffered conscious pain and suffering;

87. Plaintiff, HANNAN MUHAMMAD, as Special Administrator of the Estate of KIMANI MUHAMMAD, brings this survival action pursuant to 755 ILCS 5/27-6;

88. This action is brought within two years of the date of Decedent, KIMANI MUHAMMAD's, death, and that HANNAN MUHAMMAD has been named the Special Administrator of the Estate of KIMANI MUHAMMAD, deceased as evidence of her right to sue;

89. The COOK COUNTY SHERIFF'S OFFICE and THOMAS DART employ the Defendant officers. It is through their conduct, based on *respondeat superior,* that COOK COUNTY SHERIFF'S OFFICE and/or THOMAS DART are a proximate cause of the injuries alleged in this cause.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff and the Estate of the Decedent for compensatory damages and punitive damages, by and through its Administratrix, and against THE COOK COUNTY SHERIFF'S OFFICE and THOMAS DART, plus the costs of this action.

    Respectfully submitted,
    Horwitz, Richardson & Baker

By:   _s/ Sean M. Baker_____
       One of Plaintiff's attorneys

Sean M. Baker
Horwitz, Richardson & Baker
Two First National Plaza
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 676-2100